**DLD-107**                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3058

JERRY A. HURST,
                Appellant

v.

JUDGE MERRILL TRADER; LINDA WHITE; DORIS WILKINS; VERONICA
FAUST; CHRISTINE TUNNELL; STUART DROWOS; RICHARD KEARNEY;
DOES I-XX, individually and in their official capacities.

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00146)
District Judge: Honorable Kent A. Jordan

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 25, 2007

Before: BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed: February 23, 2007)

OPINION

PER CURIAM

    Jerry A. Hurst, a resident of Alexandria, Virginia, appeals from the district court's

memorandum order dismissing his complaint without prejudice as legally and factually frivolous.  See 28 U.S.C. § 1915(e)(2)(B).  For the following reasons, we will likewise dismiss Hurst's appeal.  See id.

In March 2006, Hurst filed a complaint against various individual defendants, including Merrill C. Trader, a judge on the Delaware Court of Common Pleas; Linda White, a clerk and assistant to Judge Trader; Doris Wilkins, Clerk of the Court of Common Pleas; Rick Kearney, warden at Sussex Correctional Institute; State of Delaware deputy attorneys general Veronica Faust, Christine Tunnel, and Rick Drowos; and John Does I through XX.[1]  Hurst alleged violations of various federal and state laws of which 42 U.S.C. § 1983 is most pertinent.[2]

The allegations in Hurst's complaint originated with his misdemeanor criminal convictions for one count each of resisting arrest, falsely reporting an incident, and disorderly conduct (and an imposition of fines and term of supervision) in the Court of Common Pleas, Sussex County, Delaware.  After exhausting the appellate process for these convictions in the Delaware state courts, Hurst filed a Chapter 7 bankruptcy proceeding in the U.S. Bankruptcy Court for the Eastern District of Virginia, naming

---

[1] Appellees were sued in their individual and official capacities.

[2] Hurst alleged the following counts, subsumed under § 1983, in his complaint: violation of civil rights, retaliation, denial of access to courts and government, conspiracies, abuse of process, malicious prosecution, and intentional infliction of emotional distress.  For these violations, Hurst sought compensatory and punitive damages in the amount of $20 million and injunctive and declaratory relief.

Wilkins as a defendant, ostensibly seeking to invalidate his convictions and discharge the fines. The bankruptcy court held that it could not discharge Hurst's fines and penalties because it lacked jurisdiction to do so. The U.S. Court of Appeals for the Fourth Circuit affirmed the court's decision.

The current case began when Hurst received correspondence from Judge Trader, during the pendency of the bankruptcy case, stating that Judge Trader had received a copy of the amended complaint brought against Wilkins and that the "[f]ines and costs imposed by this court [Court of Common Pleas] are as a result of criminal convictions against [Hurst] on February 5, 2002." Additionally, Trader's letter noted that "fines and costs imposed in [such] cases are not dischargeable in bankruptcy" and that a request was made to "schedule a contempt hearing for non-payment of [Hurst's] fines." Hurst alleged that Trader's letter was in retaliation for his filing the bankruptcy case and constituted improper intervention and a denial of access to the federal courts. Hurst also alleged that White lied to him regarding various court matters and participated in the drafting of Trader's letter. With regard to Wilkins, Hurst alleged illegal acts to cover up violations of the law prior to the bankruptcy proceeding. Hurst also alleged that both Faust and Drowos conspired with the other appellees to retaliate against him and intimidate him in violation of his civil rights as evidenced by letters that each wrote with regard to Hurst's case.[3] Warden Kearney, according to Hurst, was responsible for failing to respond to

---

[3] As noted by the district court, Faust's letter, written to Judge Trader, indicated Hurst's bankruptcy proceeding had been assigned to Drowos and that Drowos determined

Hurst's allegations of illegal conduct during a period of confinement after his arrest.[4] Finally, Tunnel, though named, does not appear in Hurst's complaint.

On May 16, 2006, the district court dismissed Hurst's complaint without prejudice as legally and factually frivolous; the court also declined to exercise supplemental jurisdiction over Hurst's state law claims. See 28 U.S.C. § 1915(e)(2)(B). Hurst filed a timely notice of appeal.[5]

We agree with the district court that Hurst cannot make out a prima facie claim under § 1983 though, unlike the district court, we restrict that holding to all named parties in Hurst's complaint except for Warden Kearney. A § 1983 claim must be based on a right secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983.

---

that a motion to vacate the discharge of fines and fees needed to be filed with the bankruptcy court. Drowos' letter, on the other hand, written to U.S. District Judge T.S. Ellis, District Court for the Eastern District of Virginia, explained the deficiencies presented by Hurst's bankruptcy filing.

[4] Hurst alleges, inter alia, the presence of attack dogs for intimidation, torture practices, and faulty medical practices at SCI . These practices are attributed to Does I - XX whose names, capacities, and particular acts would become known during discovery according to Hurst.

[5] The district court dismissed Hurst's complaint without prejudice, but we have jurisdiction pursuant to 28 U.S.C. § 1291, both because the dismissal was, in part, pursuant to § 1915(e) and because, as explained further below, any amendment of Hurst's complaint would prove futile. See Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995); see also Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976). Our review is plenary. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Further, "[t]o make out a prima facie case under § 1983, the plaintiff must demonstrate that a person, acting under color of law, deprived him of a federal right."  Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (citing Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).  Under the circumstances related in his complaint, Hurst cannot show the deprivation of a constitutional right through state action.  As the district court properly noted, although Hurst alleges various schemes of retaliation and conspiracy by virtually all parties with a connection to his criminal and bankruptcy proceedings, his allegations fall well short of raising a claim of a deprivation of a constitutional right.  Rather, the exhibits appended to Hurst's complaint show that the parties involved were merely taking appropriate legal actions to resolve Hurst's various cases.  Such actions denied Hurst no constitutional rights.

To the extent that Hurst has stated a claim against Warden Kearney of a violation of the constitutional prohibition against cruel and unusual punishment, including a denial of medical treatment, we agree that this claim is time barred.[6]  See U.S. Const. amend. VIII.  Although § 1983 does not contain a statute of limitations period, the Supreme Court

---

[6] Although the Court has not yet visited the issue, we note that other courts have held that the statute of limitations is an affirmative defense and as such is not grounds for sua sponte dismissal under § 1915 unless the defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate.  See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir.2006); see also Erline Co. S. A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006) (discussing reasons why statute of limitations can be raised sua sponte in § 1915 cases); Pino v. Ryan, 49 F.3d 51 (2d Cir.1995) (collecting cases).  Those conditions are met here as the defense obviously rises from the allegations within the complaint without further factual development.

has determined that the applicable limitations period should be the period determined by each state for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 266 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). The statute of limitations for personal injuries in Delaware is two years. See Del. Code Ann. tit. 10, § 8119; see also McDowell v. Del. State Police, 88 F.3d 188, 190 (3d Cir. 1996). Further, the limitations period for purposes of § 1983 claims begins to run "from the time when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). As the district court noted, all of the incidents underlying Hurst's claims against Warden Kearney occurred in April and May 2001, but Hurst's complaint was not filed until March 2006.[7] Accordingly, Hurst's Eighth Amendment claims were filed well beyond the expiration of the applicable statute of limitations and are now time barred.

Given our preceding discussion, we agree with the district court that there was no need to provide Hurst an opportunity to further amend his complaint because any amendment would have proved futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . . unless it would be inequitable or futile"); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000).

---

[7] The Delaware Supreme Court put forth a final determination of these issues on August 4, 2003, two and one-half years prior to Hurst filing the present complaint. See Hurst v. State, 2003 WL 21810821 (Del. Aug. 4, 2003).

Hurst filed a detailed complaint, with numerous accompanying exhibits, which have only served to further clarify the futility of his allegations.  Thus, we find no need to remand this matter to the district court because we cannot conceive of any viable federal claim that Hurst could possibly have brought on the facts alleged.

     Because Hurst failed to make sufficient allegations to establish a violation of federal law, and because the remainder of his claims are time barred, his appeal lacks arguable legal merit.  Accordingly, this appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

OFFICE OF THE CLERK
## UNITED STATES COURT OF APPEALS

| | | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | FOR THE THIRD CIRCUIT<br>21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4926 |

www.ca3.uscourts.gov

April 4, 2007

Mr. Peter T. Dalleo, Clerk
U.S. District Court for the District of Delaware
844 King Street
Lockbox 18
Wilmington, DE  19801

**RE: Docket No. 06-3058**
   **Hurst  vs. Trader**
   **D.C. No. 06-cv-00146**

Dear Mr. Dalleo:

     Enclosed is a certified copy of the judgment together with copy of the opinion in the above-entitled case. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

     Kindly acknowledge receipt for same on the enclosed copy of this letter.

     Counsel are advised of the issuance of the mandate by copy of this letter.  A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                        Very truly yours,
                                        MARCIA M. WALDRON, Clerk

                                        By:  Carolyn Hicks, Case Manager

Enclosure

cc:
        Mr. Jerry A. Hurst
        W. Michael Tupman, Esq.

DLD-107

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3058

JERRY A. HURST,
        Appellant

v.

JUDGE MERRILL TRADER; LINDA WHITE; DORIS WILKINS; VERONICA FAUST; CHRISTINE TUNNELL; STUART DROWOS; RICHARD KEARNEY; DOES I-XX, individually and in their official capacities.

On Appeal From the United States District Court
For the District of Delaware
(D. Del. Civ. No. 06-cv-00146)
District Judge: Honorable Kent A. Jordan

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
January 25, 2007

Before: BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

JUDGMENT

This cause came on to be heard on the record from the United States District Court for the District of Delaware and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). On consideration whereof, it is now here

ORDERED AND ADJUDGED by this court that the appeal is dismissed under 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the opinion of this court.

ATTEST:

/s/ Marcia M. Waldron, Clerk

Dated: February 23, 2007

**Certified as a true copy and issued in lieu of a formal mandate on April 4, 2007**

Teste: *Marcia M. Waldron*

**Clerk, United States Court of Appeals for the Third Circuit.**

A True Copy:

*Marcia M. Waldron*

Marcia M. Waldron, Clerk